**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

ABIGAIL PRICE                                                              PLAINTIFF

V.                              No. 3:25-CV-00190-JTK

SOCIAL SECURITY ADMINISTRATION,
Commissioner                                                              DEFENDANT

## ORDER[1]

Plaintiff, Abigail Price ("Price"), appeals the Social Security Administration

Commissioner's final decision denying her application for disability benefits. For

the reasons set out below, the Commissioner's decision is AFFIRMED.

## I.    Background

Price was born on January 21, 1993, and was 29 years old on the day she filed

for benefits. (Tr. at 20). On December 19, 2022, Price filed an application for child's

insurance benefits, and on the same day she filed an application for supplemental

security income. (Tr. at 17). In both applications, she alleged that her disability began

on January 21, 1993. *Id*.

Price's claims were denied initially and upon reconsideration. An

Administrative Law Judge ("ALJ") held a hearing on September 13, 2024, and the

---

[1]The parties consented in writing to the jurisdiction of a United States Magistrate Judge. (Doc. 4).

ALJ heard testimony from Price and a vocational expert ("VE"). *Id.* The ALJ issued a decision on October 7, 2024, finding that Price was not disabled. (Tr. at 17-28). The Appeals Council denied Price's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. at 1-4).

## II.    The ALJ's Decision[2]

As required by section 202(d) pf the Social Security Act, to be entitled to child's insurance benefits, the claimant must have attained age 18 and be found disabled before attainment of age 22. (Tr. at 17-18). The Administration evaluates the individual using adult disability rules rather than childhood standards.[3]

The ALJ found that Price had not attained age 22 as of January 20, 2011, the day preceding the day she attained age 18. (Tr. at 20); 20 C.F.R. §§ 404.102, 416.120(4) and 404.350(a)(5). The ALJ next found that Price had not engaged in substantial gainful activity since January 20, 2011. (Tr. at 20). He determined that Price has the following severe impairment: autism spectrum disorder. *Id.* However, the ALJ concluded Price did not have an impairment or combination of impairments

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

[3] https://www.ssa.gov/benefits/disability/qualify.html#anchor7.

that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*.

The ALJ found that Price had the residual functional capacity ("RFC") to perform work at all exertional levels, with the following limitations: (1) limited to work that is simple, routine, and repetitive, with the ability to make simple work-related decisions; and (2) can have occasional interaction with co-workers, supervisors, and the public. (Tr. at 21).

Price has no past relevant work. (Tr. at 27). Utilizing the testimony of the VE, the ALJ found, based on Price's age, education, work experience, and RFC, that a significant number of jobs were available in the national economy that Price could perform. (Tr. at 27-28). Accordingly, the ALJ determined that Price was not disabled either before or after the date she turned 22. (Tr. at 28-29).

## III. Discussion

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence in the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence: in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th

Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B.    Price's Arguments for Reversal**

Price contends that the Commissioner's decision is not supported by substantial evidence because the ALJ erred at Step Three: Price alleges that she met Listing 12.10 (Autism Spectrum Disorder). After carefully reviewing the record as a whole, the Court affirms the Commissioner.

**C.    Analysis**

Price claims that the ALJ should have found that she met Listing 12.10 at Step Three. That Listing requires that the claimant meet both sections A and B of Listing 12.10:

A. Medical documentation of both of the following:

1. Qualitative Deficits in verbal communication, nonverbal communication, and social interaction; and

2. Significantly restricted, repetitive patterns of behavior, interests, and activities.

AND

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

    a. Understanding, remembering, or applying information.

    b. Interacting with others

    c. Concentration, persistence, or maintaining pace

    d. Adapting or managing oneself.

20 C.F.R. Part 404, Subpart P. Appendix 1, 12.10.

The ALJ did not directly address if Price met Part A, but he concluded that she did not meet Part B. (Tr. at 20-21). He found that she had no limitations in Part B (a) and (c) and moderate limitations in Part B (b) and (d). *Id*. He gave good reasons and the record supports this conclusion.

In spite of being diagnosed with autism, Price graduated high school and college, and she did things daily like use Instagram and Facebook, play with her pets, do artwork, play video games, make puppets, and perform household tasks. (Tr. at 20-24, 263-266, 280-283, 353-354). These activities support the ALJ's conclusion that she could perform gainful activity.[4] They also do not suggest that Price had an extreme or marked limitation in the Part B criteria above.

---

[4] *Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

Two consultative examiners saw Price in 2019 and 2024, and they found that although she had some strange behaviors, she could generally perform mental work functions. Dr. Benjamin Silber, Ph.D., noted upon exam that Price talked loudly and did not maintain eye contact. (Tr. at 383-386). He said that Price had no deficits in concentrating or sustaining persistence with completing tasks during the examination. *Id*. She was cooperative and calm during the evaluation. *Id*. She had normal speech and thought process. *Id*. She was focused throughout the evaluation.[5] *Id*. Dr. Silber said that she had no symptoms that would interfere with her ability to complete tasks within an acceptable timeframe. *Id*.

Dr. Anita Wells, Ph.D., concluded that Price demonstrated no difficulty in communicating, could cope with typical mental cognitive demands of basic work-like tasks, had good attention and concentration, exhibited adequate persistence, and appeared capable of completing work tasks within an acceptable timeframe. (Tr. at 357).

At both examinations, Price performed well on mental functioning testing. (Tr. at 353, 385). The ALJ found both of these opinions less than persuasive, and assigned an RFC with more restrictions based on Price's autism diagnosis and its effects. (Tr. at 25-27).

---

[5] Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001).

Dr. Ben Owens, M.D., was Price's PCP, and he noted at various appointments that she generally had no abnormalities upon examination. (Tr. at 395, 407). His notes from August 2023 showed that Price was functioning well on medication and that it was helping her stay calm. (Tr. at 395). Still, Dr. Owens reported on a medical source statement that Price would have marked or extreme limitations in almost all mental functional areas (Part B criteria). (Tr. at 398). The ALJ found this opinion unpersuasive. (Tr. at 26). His clinic notes were inconsistent with the extreme limitations he assessed. And although Price's parents reported that Price had outbursts and meltdowns, and a lack of focus, the balance of the medical record shows a relatively well-adjusted young woman, able to do a variety of daily activities requiring mental acuity.

A diagnosis of autism, in and of itself, does not mean that Price met the Listing; Price had the burden to show she met all of the criteria of a Listing. *See Jones v. Astrue*, 619 F.3d 963, 969 (8th Cir. 2010). And allegations without medical support in the record fall short of the bar for a disability finding. Functional limitations must have a basis in the medical evidence and are not established based solely on a claimant's statement of symptoms. 20 C.F.R. §§ 404.1508, 416.908; *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004).

The ALJ found no more than moderate limitations in the part B criteria of Listing 12.10. (Tr. at 20, 21). This aligned with the conclusion of the consultative

examiners, as well as the state-agency reviewing expert, who found that Price was limited to simple work. (Tr. at 26). Although the ALJ found that Price did not meet a Listing, he still limited her to basic mental work functions in the RFC, indicating he properly weighed her allegations and the record as a whole. (Tr. at 21). Reversal is unwarranted.

## IV.    Conclusion

The ALJ applied proper legal standards in evaluating Price's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that Commissioner's decision is affirmed and judgment will be entered in favor of the Commissioner.

Dated 16th April, 2026.

_____
UNITED STATES MAGISTRATE JUDGE